# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mikal J. Ruffin, | ) |
| Petitioner, | ) Civil Action No. 8:12-cv-00592-JMC |
| v. | ) **ORDER AND OPINION** |
| Warden Michael McCall, | ) |
| Respondent. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 39], filed March 25, 2013, recommending that Respondent Warden Michael McCall's ("Respondent") Motion for Summary Judgment [Dkt. No. 32] be granted and that Petitioner Mikal J. Ruffin's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") [Dkt. No. 1] under 28 U.S.C. § 2254 be denied. This review considers Petitioner's *pro se* Objections to the Report ("Objections"), [Dkt. No. 43], filed April 22, 2013. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Petitioner's Petition with prejudice.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a

1

Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States c. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

## ANALYSIS

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court has reviewed Petitioner's submissions in search of arguments that, under the mandated liberal construction, it could reasonably find to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). In this case, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b), with the exception of one argument.

Petitioner contends the Magistrate Judge did not address his claim that the trial judge erred in not directing a verdict for the charges of murder (including accomplice liability) and attempted armed robbery. [Dkt. No. 37 at 7]; [Dkt. No. 43 at 8]. Because Petitioner failed to present this claim in his direct appeal to the South Carolina Court of Appeals, [*See* Dkt. No. 34-4], it is procedurally barred from federal habeas review. *See* 28 U.S.C. § 2254(b). Petitioner makes no showing of cause for his failure to raise the claim or actual prejudice, nor does he demonstrate that failure to consider his claim would result in a miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991). Therefore, he is unable to overcome the procedural bar. *Id.*

Petitioner also appears to argue that the court can reach his claim on the merits pursuant to *Martinez v. Ryan,* 132 S.Ct. 1309 (2012). This case holds that federal courts may find cause to

excuse a procedural default where a prisoner had inadequate assistance in his initial-review collateral proceedings *and the defaulted claim at issue is one of ineffective assistance at trial. Id.* at 1318. Given that Petitioner's stated ground is not one of ineffective assistance, *Martinez* is inapplicable. However, to the extent that Petitioner intends to argue that his direct appeal counsel was ineffective for failing to raise the directed verdict issue, relief under *Martinez* is likewise unavailable because that issue was raised and addressed by the post-conviction judge in Petitioner's initial post-conviction proceeding. [*See* Dkt. No. 33-5 at 51; Dkt. No. 33-5 at 60-61; Dkt. No. 33-7 at 26]. The court does not reach the merits of Petitioner's ineffective assistance claim regarding the directed verdict issue because Petitioner did not preserve this claim on his appeal to the South Carolina State Supreme Court. [*See* Dkt. No. 34-9 at 2]; *Strickler v. Pruett,* 149 F.3d 1170, at *5 (4th Cir. 1998) ("[A] state prisoner must exhaust all available state remedies[,] before he can apply for federal habeas relief[,]" by "fairly present[ing] the substance of his claim to the state's highest court.").

Since Petitioner failed to properly object to the Report with specificity for his remaining claims, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 316. The court does not find clear error and accepts the Report by the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 39]. It is therefore **ORDERED** that the Petitioner's Petition [Dkt. No. 1] in the above-captioned case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
September 30, 2013